# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

PRESTON FRANCART,

        Plaintiff,

   v.                                    Case No. 08-C-255

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

---

## ORDER

Plaintiff Preston Francart has filed an action seeking review of the decision of the Commissioner of Social Security. Plaintiff is *pro se*, and since he filed the action in March he has not filed a brief articulating the reason or reasons he believes the ALJ erred. His most recent filing is limited to a statement that his depression prevents him from working. His statement concludes:"I paid in, now I want my money." I will review the ALJ's decision to determine whether it is supported by substantial evidence.

At the time of the hearing, Plaintiff was thirty-five years old and presented with symptoms including back pain and shortness of breath. He was significantly overweight (342 pounds) and had most recently worked in the plumbing business. He stated that he felt he was discriminated against in that business by supervisors who were worried about liability in light of Plaintiff's back pain. Plaintiff's record of treatment was sporadic, at best, and he did not demonstrate a recent history of

seeking medical care, either for his physical or mental health issues.[1]  The ALJ concluded that there was no evidence of a serious medical condition.  First, the Plaintiff had not sought treatment in recent years and he took only Tylenol for back pain.  Second, a state-ordered medical exam revealed only minor back issues.  Although Plaintiff testified that his back could come out of alignment if he over-exerted himself, the ALJ concluded that Plaintiff still maintained the residual functional capacity to engage in a number of jobs within the economy, specifically, jobs with a medium level of exertion (e.g., assembly, packaging, quality control inspection, etc.)  On this score, the ALJ's opinion seems unimpeachable.  There is simply no evidence that Plaintiff could not perform jobs at a medium level of exertion, even accepting his own testimony at face value.  In fact, at the hearing he appeared to concede that he could perform such jobs physically, but protested that he didn't know where such jobs were located (he lived in a small town with very few employers) and felt that he might "go crazy" if he had to work at such a position.  (Tr. 227-28.)

Plaintiff's current effort seems directed at his depression.  He states that he has been unable to socialize with friends or family for a period of several months, and this depression makes him unable to hold a job.  Even accepting this averment at face value, this Court is tasked with reviewing the decision of the ALJ to see if it is supported by substantial evidence.  In other words, the question before me is whether Plaintiff was disabled at the time of the hearing or the date of alleged disability, and thus the federal district court is not the proper venue to present new evidence that does not pertain to the matters before the ALJ.  *Schmidt v. Barnhart,* 395 F.3d 737, 742 (7th Cir. 2005).  Plaintiff did not mention depression at his hearing.  The only hint of depression in the record

---

[1]Plaintiff's statement to the court notes that he was treated for depression in 2000, an experience he shares with millions of Americans.  It is quite another thing, however, to be completely unable to work in the national economy.

2

the ALJ reviewed was a statement in the state-ordered physician's report that Plaintiff appeared "slightly depressed." (Tr. 183.)  None of the reviewing physicians or psychologists found this to be a medically determinable mental impairment.  In short, a lone physician's statement alluding to slight depression, even if considered, would not have justified an ALJ in concluding that the Plaintiff was disabled.  Accordingly, I must conclude that the ALJ's determination was supported by substantial evidence.  The decision is **AFFIRMED** and the case **DISMISSED**.  The motion to dismiss [Dkt. # 11] is **DENIED**.

      **SO ORDERED** this ____4th____ day of November, 2008.

                                       s/ William C. Griesbach
                                      William C. Griesbach
                                      United States District Judge

3